UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID DRONE,                             :

       Petitioner,                    :     CIVIL ACTION NO. 3:10-1146

  v.                                            :          (KOSIK, D.J.)
                                                                 (MANNION, M.J.)

BRYAN BLEDSOE, Warden,      :

       Respondent.                  :

## REPORT AND RECOMMENDATION[1]

Pending before the court is petitioner David Drone's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). For the reasons set forth below, the court recommends that the petition be **DENIED**.

**I.   BACKGROUND**

The petitioner, David Drone, is presently confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg") in Lewisburg, Pennsylvania. On August 10, 2009, the petitioner received notice of a Hearing Referral for designation to a Special Management Unit ("SMU"). (Doc. No. 1 at 26). Accordingly, the hearing took place on August 12, 2009. *Id.* At the hearing,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

petitioner Drone appeared in person, and made an oral statement. *Id.* The petitioner did not present any documentary evidence or written witness statements. *Id.*

Following the hearing, the Hearing Administrator determined that the petitioner met the criteria for designation to a SMU because (1) he had a history of serious and disruptive disciplinary infractions, and (2) he had participated in, or was associated with, activity such that greater management of his interaction with other persons was necessary to ensure the safety, security or orderly operation of the prison, or protection of the public. *Id.*

In the instant petition, the petitioner challenges his designation to a SMU on two grounds. (Doc. No. 1 at 8). Specifically, the petitioner claims that his placement in the SMU amounts to double jeopardy, and a violation of the *ex post facto* clause. *Id.*

On April 21, 2010, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1). Because USP-Lewisburg is located within the Middle District of Pennsylvania, the petition was transferred to the United States District Court for the Middle District of Pennsylvania on May 24, 2010.(Doc. No. 2). On June 21, 2010, the petitioner

paid the appropriate filing fee, (Doc. No. 6), and, therefore, on June 23, 2010, this court issued an order directing the respondent to show cause, within twenty-one (21) days from the date of that order, why petitioner Drone should not be granted habeas corpus relief, (Doc. No. 7). Accordingly, on July 14, 2010, the respondent filed a response to petitioner's petition for writ of habeas corpus. (Doc. No. 8). Thus, the petition is ripe for our review.

## II. DISCUSSION

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542-44 (3d Cir. 2002). Claims that do not directly implicate the fact or duration of confinement may not be pursued by way of a habeas petition. *See Leamer*, 288 F.3d at 540.

Respondent argues that petitioner's *ex post facto,* and double jeopardy claims, regarding his placement in the SMU, are not properly asserted in a habeas corpus petition. The court agrees. In *Green v. Bledsoe*, No. 10-0059, 2010 U.S. Dist. LEXIS 33354, *at 4 (M.D. Pa. Apr. 5, 2010), the court

explained:

> ". . . in challenging his placement in the SMU and the hearing that led to the determination that he was appropriate for SMU placement, Green is not challenging the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not properly asserted in a §2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens* action. *See Woodruff v. Williamson*, Civil No. 3:CV-06-2310, 2009 U.S. Dist. LEXIS 19653, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (Caputo, J.) (dismissing portion of petitioner's §2241 habeas petition challenging SMU placement as not cognizable under §2241); *McKettrick v. Williamson*, Civil No. 4:CV-06-543, 2006 U.S. Dist. LEXIS 27897, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (McClure, J.) (same)."

*Id.* Because petitioner Drone is not challenging the fact or duration of his confinement, and a decision in his favor would not alter his sentence or undo his conviction, the court finds that his claims are not properly pursued in a habeas corpus petition. *See id.*

Since the claims made by the petitioner do not sound in habeas, the court recommends that the petition be dismissed. Moreover, the court recommends that the claims in the petition be dismissed without prejudice, so the petitioner may file a *Bivens* civil rights action challenging his placement in the SMU. Furthermore, as a policy matter, it would be inappropriate to allow petitioner to pursue his claims through a habeas action because it would

permit him to evade the higher filing fee for a civil rights action (at this time, $350, as opposed to $5), and would permit him to evade the three-strikes provision of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996). *See* 28 U.S.C. §1915(g).

### III.  RECOMMENDATION[2]

On the basis of the foregoing, **IT IS RECOMMENDED THAT**, the petition for writ of habeas corpus, (Doc. No. 1), be **DENIED**, and that petitioner's claims be **DISMISSED** without prejudice to petitioner's right to pursue them in a properly filed civil rights action.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** April 22, 2011
O:\shared\REPORTS\2010 Reports\10-1146-01.wpd

---

[2] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.